1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   STANLEY HOWARD,                          No.  2:19-cv-2136 TLN AC

12                     Plaintiff,

13          v.                                ORDER

14   CITY OF SACRAMENTO,

15                     Defendant.

16

17          Plaintiff, who is proceeding in pro se but paid the filing fee, has moved the court to order

18   the U.S. Marshal Service to effect service of process in his case.  ECF No. 4.  This matter is

19   before the undersigned pursuant to Local Rule 302(c)(21).  Plaintiff asserts that he is entitled to

20   the "seaman's exemption" pursuant to 28 U.S.C. § 1916.  ECF No. 4 at 1.  The undersigned finds

21   that plaintiff does not qualify under § 1916, and service by the Marshals will not be ordered.

22          Federal Rule of Civil Procedure 4 states that "[a]t the plaintiff's request, the court may

23   order that service be made by a United States marshal or deputy marshal or by a person specially

24   appointed by the court.  The court must so order if the plaintiff is authorized to proceed in forma

25   pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916."  Section 1916 states

26   that "[i]n all courts of the United States, seamen may institute and prosecute suits and appeals in

27   their own names and for their own benefit for wages or salvage or the enforcement of laws

28   ////

1

1    enacted for their health or safety without prepaying fees or costs or furnishing security therefor."

2    28 U.S.C.A. § 1916.

3         Plaintiff's suit does not qualify for service by the U.S. Marshals Service under the plain

4    language of § 1916, because plaintiff is not suing "for wages or salvage or the enforcement of

5    laws enacted for [seamen's] health and safety[.]"  28 U.S.C. § 1916.  Plaintiff's complaint against

6    the City of Sacramento contains no indication that plaintiff is a seaman, that he is suing for wages

7    or salvage, or that his lawsuit is at all related to seamen's legal protections or benefits.  ECF No.

8    1.  The complaint contains no indication that it is an action in admiralty.  Id.  Thus, plaintiff does

9    not qualify for automatic Marshals' service under Rule 4 and 28 U.S.C. § 1916.

10        The court does not find Marshals service otherwise appropriate under Rule 4's

11   discretionary language.  The U.S. Marshals Service is heavily impacted, and the court will not

12   lightly add to its burden by discretionarily requiring it to serve civil case documents.  See, e.g.,

13   Austin v. Winett, 1:04-cv-05104-DLB PC, 2008 WL 5213414, *1 (E.D. Cal. Dec. 12, 2008)

14   ("[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not

15   taken lightly by the court.").  After a full review of plaintiff's complaint and motion, the

16   undersigned finds no cause to order the Marshals to effect service.

17        The motion for Marshals service at ECF No. 4 is DENIED and plaintiff must submit proof

18   of service on defendants no later than January 20, 2020.[1]  Failure to submit proof of service by

19   that date will result in a recommendation that this action be dismissed for failure to prosecute.

20   DATED: November 6, 2019

21   _____
     ALLISON CLAIRE
22   UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27   _____

28   [1]  This date is calculated pursuant to the directive in the order setting status conference at ECF
     No. 3, requiring service within 90 days of the filing date, October 20, 2019.