UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY HOWARD, | No. 2:19-cv-02136 TLN AC (PS) |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| CITY OF SACRAMENTO, | |
| Defendant. | |

On October 22, 2019, plaintiff filed this action in pro se and paid the filing fee. ECF No. 1. The case was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). The undersigned has reviewed the complaint and believes that this court lacks subject matter jurisdiction to hear plaintiff's case, and that this case must be dismissed with prejudice.

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, (1994). In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively. Home Depot U. S. A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019), reh'g denied, No. 17-1471, 2019 WL 3538074 (U.S. Aug. 5, 2019).

1

The complaint does not clearly allege either diversity jurisdiction or federal question jurisdiction. ECF No. 1. Although plaintiff appears to list his place of birth as Pennsylvania on the title page of his complaint, he does not clearly allege his own present state citizenship or clearly identify an amount in controversy. See id. There does not appear to be a basis for diversity jurisdiction on the face of the complaint.

Nor does there appear to be a basis for federal question jurisdiction. A case "arises under" federal law either where federal law creates the cause of action or "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. at 1089 (quoting Rivet v. Regions Bank, 522 U.S. 470, 475 (1998)). Plaintiff's complaint does not clearly invoke any federal law or constitutional right. See ECF No. 1.

Good cause appearing, IT IS HEREBY ORDERED that plaintiff shall show cause, in writing, no later than November 27, 2019, why this court has subject matter jurisdiction over his case. If plaintiff fails to respond by November 27, 2019, the court will recommend dismissal of his case with prejudice for lack of subject matter jurisdiction.

DATED: November 13, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE