UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY HOWARD,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SACRAMENTO,<br><br>    Defendant. | No. 2:19-cv-02136 TLN AC (PS)<br><br><br>FINDINGS AND RECOMMENDATIONS |

On October 22, 2019, plaintiff filed this action in pro se and paid the filing fee. ECF No. 1. The case was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). On November 13, 2019, the undersigned notified plaintiff that upon review of the complaint it appeared that this court lacks subject matter jurisdiction to hear plaintiff's case. ECF No. 9. The court ordered plaintiff to show cause by November 27, 2019 why this case should not be dismissed for lack of subject matter jurisdiction. Id. On November 15, 2019 plaintiff filed a document entitled "Knowledge and Notice." ECF No. 10. The court construes this as a response to the order to show cause. On November 21, 2019, plaintiff filed a document entitled "claimant order to show cause for zero balance account because of federal question to diversity of jurisdiction from two citizenships or entities of a several states civilian registrar and a bank city reserve district federal trade commission employees' securities company citizen to the federal reserve system" ECF No. 11. The court construes this filing as a further response to the court's

1

order, though plaintiff also purports to "move[] this court for an order to show cause why Defendants, Bank-City out of Sacramento County, should not issue Zero-Balance Account to avoid further 'RESTRAINT OF TRADE' violations to Agent of FTC." Having considered plaintiff's responses, the undersigned has determined that the court lacks jurisdiction to hear this case and recommends dismissal. To the extent that the document at ECF No. 11 is intended to be a motion, it is DENIED on the grounds that it is incoherent and frivolous.

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, (1994). In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively. Home Depot U. S. A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019), reh'g denied, No. 17-1471, 2019 WL 3538074 (U.S. Aug. 5, 2019).

The complaint before the court does not clearly allege either diversity jurisdiction or federal question jurisdiction. ECF No. 1. Although plaintiff appears to list his place of birth as Pennsylvania on the title page of his complaint, he does not clearly allege his own present state citizenship or clearly identify an amount in controversy. See id. There does not appear to be a basis for diversity jurisdiction on the face of the complaint. Nor does there appear to be a basis for federal question jurisdiction. A case "arises under" federal law either where federal law creates the cause of action or "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. at 1089 (quoting Rivet v. Regions Bank, 522 U.S. 470, 475 (1998)). Plaintiff's complaint does not clearly invoke any federal law or constitutional right. See ECF No. 1.

Plaintiff's "knowledge and notice" document submitted in response to the order to show cause does not establish subject matter jurisdiction. ECF No. 10. Although plaintiff does mention the Federal Trade Commission and the FDIC (Federal Deposit Insurance Corporation), his response does not indicate that he is bringing any federal claims. Id. at 1-3. Nor does the response indicate any basis for diversity jurisdiction. Id. Indeed, like the complaint itself, the filing is largely incoherent. Id. Plaintiff's "claimant order to show cause" document is also nonresponsive and incoherent; even though it references federal entities and legal terms such as "full faith and credit" and "restraint of trade," it does not explain why there is any jurisdictional basis for the court to hear this case. See ECF No. 11. It is not enough to use terms that might be included in an explanation for the existence of jurisdiction. The explanation itself must tell the court why there is either diversity jurisdiction or federal question jurisdiction such that the court is convinced it is able to hear this case. It is clear from the plaintiff's complaint and his subsequent filings that the court has no subject matter jurisdiction to hear this case.

For the reasons set forth above, it is hereby ORDERED that the motion at ECF No. 11 is DENIED.

Further, it is HEREBY RECOMMENDED that plaintiff's complaint (ECF No. 1) be dismissed with prejudice for lack of subject matter jurisdiction, and that this case be CLOSED.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 2, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE